UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWARD J. SCHUBERT,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01480-EJY

**ORDER**

Plaintiff Edward J. Schubert ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under the Social Security Act (the "Act"). ECF No. 8, Administrative Record ("AR") 32. The Court reviewed Plaintiff's Brief (ECF No. 8) and the Commissioner's Response (ECF No. 10). Plaintiff did not file a Reply. The Court finds as follows.

**I.    BACKGROUND**

Plaintiff filed a Title II application for disability and disability insurance benefits on November 20, 2023. AR 21. The Social Security Administration denied his application initially and upon reconsideration. *Id*. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"), which was held on February 24, 2025. *Id*. The ALJ issued his decision finding Plaintiff was not disabled on March 7, 2025. AR 21-32. Plaintiff requested review of the ALJ's decision which was denied by the Appeals Council on July 16, 2025. AR 1. Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.    STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950

F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)).  In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

**III.    ESTABLISHING DISABILITY UNDER THE ACT**

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.    the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
> 2.    the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A).  "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a).  Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV.    THE SUMMARY OF ALJ'S DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2023. AR 23. At step two, the ALJ identified Plaintiff as having two severe impairments: bipolar disorder and anxiety disorder. *Id*. The ALJ noted the following non-severe physical impairments: "migraines; hypertension; hyperlipidemia; and cervical degenerative disc disease." AR 24. With respect to Plaintiff's migraines, the ALJ explained the record did not support the "frequency or severity alleged." *Id*. The ALJ supported this finding by citing to a healthcare provider note stating that Plaintiff did not appear in distress at the time of the appointment. *Id*. The

ALJ also characterized the objective medical evidence in the record as unsupportive, noting Plaintiff was never referred to a neurologist, and a July 2021 CT scan showed no acute intracranial pathology. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the "listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." AR 25. The ALJ used the "paragraph B" criteria for evaluating mental impairments, and in relevant part, found that Plaintiff had a moderate limitation applicable to interacting with others. *Id.* The ALJ then determined Plaintiff retained the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but" was "limited to performing simple repetitive tasks" and "to having interactions with coworkers, the general public and supervisors on not more than a frequent basis." AR 26. Although the RFC precluded Plaintiff from performing any past relevant work, the ALJ found he could still perform other jobs existing in significant numbers in the national economy. AR 30-31. Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from his onset date through the date of the ALJ's decision. AR 32.

## V.    DISCUSSION

### a.    Issue Before the Court.

Plaintiff says he is presenting a single issue—whether the ALJ provided clear and convincing reasons for discounting his subjective symptom testimony. ECF No. 8 at 5.

### b.    The Parties' Arguments.

Plaintiff argues the ALJ failed to state clear and convincing reasons for rejecting his migraine symptom testimony. *Id*. at 5. Plaintiff first points to a single paragraph on pages 8 and 9 of the ALJ's decision (AR 28-29) where he combined rejection of Plaintiff's symptom testimony with his finding that the state medical consultant's opinion was unpersuasive. ECF No. 8 at 6-7. Plaintiff says this paragraph establishes reversible error because the standard for discrediting symptom testimony is more demanding than the standard for evaluating medical opinions. *Id*. at 7. Second, Plaintiff argues the ALJ erred when discrediting his testimony regarding the frequency or severity of migraines because reliance on a "lack of medical support is insufficient to satisfy the clear and

convincing standard." *Id*. at 7-8. Plaintiff says he was prescribed medications and to sit alone in the dark, and the ALJ identifies no other non-conservative treatment in which Plaintiff could have participated. *Id*. at 8-9. Plaintiff takes issue with the ALJ's reliance on a lack of a referral to neurology because the ALJ fails to tie this to discrediting Plaintiff's testimony. *Id*. at 8.

Separately, Plaintiff takes issue with the conclusion that he could frequently interact with others because the ALJ references, but does not discuss, daily activities and seems to rely exclusively on Plaintiff's ability to live full time with his girlfriend, something that does not equate to an ability to work fulltime.[1] *Id*. at 9. Quoting case law, Plaintiff argues: "[d]aily activities may be grounds for an adverse credibility finding 'if a claimant in a substantial part of h[er] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting,' and the ALJ must make 'specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination.'" *Id*. at 9 (citing *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)).[2]

In turn, the Commissioner argues the ALJ's decision is free from reversible error. ECF No. 10 at 1. The Commissioner contends Plaintiff's conservative treatment contradicted his allegations of disabling pain associated with migraine headaches. *Id*. at 3. The Commissioner further suggests the ALJ's finding of inconsistency between Plaintiff living with his girlfriend and alleged inability to interact with others satisfies the clear and convincing standard for rejecting Plaintiff's symptom

[1] The Court does not discuss this issue further in its analysis below because the ALJ provides clear and convincing reasons for discounting Plaintiff's testimony regarding interacting with others. AR 29-30 (discussing the reasons Plaintiff is limited to "simple repetitive tasks" but may "frequently interact with others"). As explained in case law, these are not necessarily inconsistent or incongruent findings when the totality of the information on which the ALJ relied is reviewed. Here, the ALJ reviewed and cited the record demonstrating Plaintiff "had no cognitive impairment .... He had an intact memory …. The claimant routinely demonstrated normal attention …, which is consistent with him being able to perform simple repetitive tasks [an issue Plaintiff does not dispute, and] claimant was cooperative[,] … and made eye contact …. He had a normal mood …. The claimant also reported he lives, full-time, with his girlfriend …, which is consistent with him being able to frequently interact with others." AR 30. *See Garza v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-00403-BAK (SAB), 2022 WL 2974691, at **9-10 (E.D. Cal. July 27, 2022) (collecting cases regarding moderate limitations and frequent interaction with others); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ's observations of a plaintiff can contribute to the evidence the ALJ considers in determining credibility).
[2] Plaintiff's reliance on *Orn* is misplaced. A fair reading of the ALJ's decision demonstrates that he did not rely on daily living activities, but rather on one activity coupled with the medical evidence and the ALJ's own observations of Plaintiff (as supported by the medical record). AR 30.

testimony. *Id.* at 4-5. The Commissioner submits the ALJ's finding is supported by other undisputed substantial evidence in the record and, to the extent the medical record is disputed, Plaintiff is asking the Court to re-evaluate such evidence. *Id*. at 4-5.

      c.    The Court Remands for Consideration of Migraine Symptom Testimony.

Considering the entire decision, the Court finds the ALJ fails to provide a clear and convincing reason for discounting Plaintiff's migraine symptom testimony.[3] AR 28-30. The ALJ first points to state agency consultant Dr. Gerrish's findings that Plaintiff's migraines were severe, discounting this finding as based on Plaintiff's testimony and "not consistent with the record." AR 28. The ALJ concluded there was inconsistency between the frequency and severity of migraines alleged and the medical records reflecting Plaintiff was "routinely described by medical providers as in no apparent/no acute distress." AR 28-29 (citing AR 985). It is true that some inconsistencies may be a basis for discrediting symptom testimony; however, courts in the Ninth Circuit challenge whether a doctor's "generic" notation of "no acute distress" is a sufficient reason to reject testimony regarding a chronic condition. *Carla D. v. Kijakazi*, Case No. 2:20-cv-00361-LRS, 2022 WL 264460, at *6 (E.D. Wash. Jan. 27, 2022) (collecting cases). The facts presented demonstrate why this reasoning is persuasive here. There is no representation in the record that Plaintiff claimed to have a migraine at the time he was observed by medical providers. AR 985. That is, Plaintiff claimed to have two to four migraines per week—not every day or all day every day. AR 24, 96. Thus, it is reasonable, if not likely, his migraines did not—and would not—align with a doctor's appointment. *Carla D.*, 2022 WL 264460 at *6. In sum, the fact that Plaintiff failed to present at medical appointments in acute distress is not evidence that his testimony was inconsistent with the medical record on which the ALJ relies.

Next, the ALJ found the record medical evidence did not support Dr. Gerrish's finding of severe impairment because Plaintiff was not referred to a neurologist. AR 29. It is true that if a claimant is referred to treatment *and fails to pursue that treatment* this may provide a basis to reject subjective symptom testimony (*Fair*, 885 F.2d at 603); however, in this case, the ALJ's decision lacks any mention of Plaintiff failing to pursue treatment from a neurologist. Instead, the ALJ faults

---

[3]     The parties' briefing also provides an unclear, and at times off point, presentation of the issue.

Plaintiff for not having been referred to a neurology specialist.  AR 29  This lack of specialized treatment cannot provide a clear and convincing reason to reject Plaintiff's migraine testimony. *Cynthia M. v. Comm'r of Soc. Sec.*, Case No. C20-5104 RAJ, 2020 WL 5229447, at *3 (W.D. Wash. Sept. 2, 2020) ("Lack of treatment was not a clear and convincing reason to discount Plaintiff's testimony.").

Finally, the ALJ rejected Dr. Gerrish's opinion in support of Plaintiff's testimony because a July 2021 CT scan showed "no acute intracranial pathology."  AR 29.  However, this reason cannot suffice to serve as clear and convincing evidence as an ALJ may not disregard symptom testimony based solely on a lack of substantiating medical evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017); *see also Munoz v. Kijakazi*, Case No. 1:20-cv-01531-GSA, 2022 WL 837245, at *7 (E.D. Cal. Mar. 21, 2022) ("Migraines are an extremely common impairment, yet it would be very surprising if most migraine sufferers (or even a significant majority thereof) had objectively identifiable brain abnormalities on [an] MRI.").

After concluding Dr. Gerrish's opinions were not persuasive and, thus, failed to support Plaintiff's testimony of severity, the ALJ noted, and found persuasive, the report by state medical consultant Dr. Bello.  AR 29.  In an underlying report, Dr. Bello determined Plaintiff's report of migraines were inconsistent with objective findings (Plaintiff "has no migraine decomp[ensation] during adjudicative period" and the headache questionnaire "reports significant" headaches that are "inconsistent with the objective findings").  *Id. citing* AR 124-25.  The ALJ further addressed state agency medical consultant, Dr. Araza, whose underlying findings included a noted inconsistency between Plaintiff's report of migraines two to four times per week and Plaintiff's report (when asked) that his headaches were "occasional."  *Id. citing* AR 115.  The ALJ found Dr. Araza's report partially persuasive as supported.  AR 115-16.

The ALJ's reasoning, at AR 28-30, provides nothing more than a summary of medical records followed by conclusions, which is not sufficient to demonstrate specific reasons for discounting Plaintiff's testimony.  *McElfresh v. Commission of Social Security*, Case No. 1:21-cv-01481-SAB, 2022 WL 1781261, at *1 (E.D. Cal. Dec. 19, 2022); *Durbin v. Bisignano*, Case No. 24-5634, 2025 WL 2887188, at *1 (9th Cir. Oct. 10, 2025) (stating the court has "repeatedly found" and

held "a lengthy summary" of medical records "does not provide "clear and convincing" reasons for rejected testimony about intensity of symptoms.".  While the ALJ cites to portions of Dr. Bello's and Dr. Araza's reports, he does so without any explanation or analysis leaving the Court without sufficient basis to conclude the ALJ provided clear and convincing evidence to discredit Plaintiff's testimony.  Without a reasoned discussion, the ALJ's decision lacks "the power to convince" the Court he properly discounted Plaintiff's migraine symptom testimony.  *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022).

Based on the foregoing, the Court finds the ALJ did not provide a clear and convincing reason to discredit Plaintiff's migraine symptom testimony, and this case is remanded for further proceedings.[4]

**VI.     ORDER**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 8) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff.  This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

Dated this 8th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Commissioner suggests there were other reasons provided by the ALJ in support his decision.  ECF No. 10 at 3.  However, a review of the decision shows the above discussed reasons are the only ones relied upon by the ALJ. *See* AR 24-29.  The Court is "constrained to review the reasons the ALJ asserts." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal citation and quotation marks omitted).